UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Jerrell Wilson, | ) C/A No. 4:07-00013-PMD-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT |
| | ) AND |
| Matthew B. Hamidullah, | ) RECOMMENDATION |
| | ) |
| Respondent. | ) |

Petitioner is an inmate at the Federal Correctional Institution in Estill, South Carolina, and he files this *habeas* action pursuant to 28 U.S.C. § 2241.[1] Petitioner is serving a federal sentence of one hundred eighty (180) months on convictions of: (1) possession with intent to distribute more than fifty grams of crack; and (2) knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime. Petitioner filed an appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and sentence. Petitioner previously filed a motion in this Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

In this § 2241 petition, petitioner raises one ground. Specifically, petitioner claims that he is actually innocent of the charge of knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime. Petitioner seeks reversal of his conviction.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] Further reference to habeas sections of Title 28 will be by section number only.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Petitioner brings this action pursuant to § 2241. According to at least one court, "a prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). A petition for habeas corpus under § 2241, in contrast, is the "vehicle for challenging the

execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). Clearly, petitioner is attacking his federal conviction as he seeks a reversal of his conviction of knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime. (Pet. at 9.) This petition for writ of habeas corpus under § 2241 should be dismissed because the petitioner's claims regarding his federal sentence are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.

Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). The fact that a § 2255 motion previously filed by the petitioner has been denied does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Previously, this Court considered the merits of a motion filed by this petitioner pursuant to § 2255. *See Wilson v. USA*, No. 2:04-22509-PMD (D.S.C. Apr. 6, 2005). Petitioner states that he is bringing this habeas action pursuant to § 2241 because "petitioner does not meet strict criteria for authorization to file a successive motion under § 2255. " (Pet. at 3.) Because petitioner's claims raised in this petition are cognizable under § 2255, this petition is a successive § 2255 motion.

Petitioner should not be allowed to bring this action styled as a § 2241 petition in order to circumvent the fact that he has not been granted authority to file a successive § 2255 motion. *See* 28 U.S.C. § 2244. Petitioner has failed to comply with 28 U.S.C. § 2244 because he has not secured an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider a successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255.

Additionally, Petitioner states that he is bringing this action pursuant to § 2241 because he is "actually innocent of the § 924(c) charge to which he erroneously pled guilty." (Pet. at 3.) Petitioner's claim of actual innocence is based on case law in existence at the time of his conviction and his first § 2255 motion. Therefore, petitioner is unable to satisfy the inadequate and ineffective savings clause of § 2255 on his actual innocence claim. *See Rice v. Lamanna*, 451 F. Supp. 2d 755, 758-59 (D.S.C. 2006).

## Recommendation

Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996.

4

                                                    Respectfully submitted,

                                                    s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
April 16, 2007                                   United States Magistrate Judge
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).