IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Jerrel Wilson, #98504-071, )<br>                      Petitioner, )<br>                            )<br>v.                              )<br>Matthew B. Hamidullah,   )<br>                    Respondent. ) | C.A. No. 4:07-00013-PMD-TER<br><br>**ORDER** |

This matter is before the court upon Petitioner Eric Jerrel Wilson's ("Wilson" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends dismissal of Wilson's petition without prejudice. A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1). Wilson filed timely objections to the R&R.

**BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Estill, South Carolina. On September 13, 2002, this court sentenced Petitioner to 180 months imprisonment on convictions of: (1) possession with intent to distribute more than fifty grams of crack ("Count Two"); and (2) knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime ("Count Three"). On Count Two, this court sentenced

Petitioner to 120 months imprisonment, and on Count Three, to the remaining 60 months, to run consecutively. Petitioner filed an appeal, and the Fourth Circuit Court of Appeals affirmed the district court's ruling on November 17, 2003. Petitioner then filed in this court a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. That petition was denied as well.

Petitioner now brings this § 2241 petition for writ of habeas corpus on the following grounds: "[P]etitioner claims that he is actually innocent of the charge of knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime [18 U.S.C. § 924(c)]." (R&R at 1). Petitioner asserts that during his Rule 11 hearing, "the Government failed to proffer any facts that show that Petitioner used or carried a firearm during and in relation to a drug trafficking offense." (Mem. in Supp. at 2.) Petitioner asserts he pled guilty to § 924(c) based on evidence that he was involved in drug trafficking and owned a gun that was found in the glove box of his car. (Mem. in Supp. at 2-3.) Petitioner highlights the following colloquy that occurred at his Rule 11 hearing:

> The Defendant: Sir, I was carrying more than 50 grams of crack cocaine, Sir. I had a gun inside the glove box.
> The Court: All right. You knew it was crack cocaine?
> The Defendant: Yes, Sir.
> The Court: And you had it for purposes of distribution of selling it?
> The Defendant: Yes, sir.
> The Court: And you carried that gun with you because you were dealing in crack cocaine, and you needed protection of the gun?
> The Defendant: Yes, Sir, I used to go shoot out early in the mornings, and I just had it in the glove box. That's where I used to keep the gun.

(Plea Hr'g Tr. 17:16-18:5, Apr. 1, 2002.)

On April 16, 2007, Magistrate Judge Thomas E. Rogers III issued an R&R recommending that Wilson's § 2241 petition be dismissed without prejudice. Specifically, Judge

2

Rogers recommends the § 2241 petition be dismissed because (1) Petitioner's claim is really a § 2255 petition; (2) successive § 2255 motions require a grant of authority from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. §§ 2244, 2255; and (3) Petitioner's claim of actual innocence cannot be heard in the form of a § 2241 motion because his claim is based on case law in existence at the time of his conviction and his first § 2255 motion. (*See* R&R at 3-4.)  The Magistrate Judge stated that because Petitioner's claim of actual innocence was based on case law in existence at the time of his conviction, he is unable to show § 2255 is inadequate or ineffective.  (*See* R&R at 4.)

## STANDARD OF REVIEW

This court makes a *de novo* determination of any portion of a Magistrate Judge's R&R to which a specific objection is registered. The court may accept, reject, or modify, in whole or in part, the recommendations contained in the R&R. 28 U.S.C. § 636(b)(1). After a review of the record, the R&R, and Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

Petitioner objects to the Magistrate Judge's classification of his § 2241 claim as a successive § 2255 motion.[1]  Petitioner seeks a writ of habeas corpus pursuant to § 2241, arguing

---

[1] Petitioner bases his objection on the grounds that his case "falls within a narrow class of cases implicating a fundamental miscarriage of justice." (Objections at 1). Petitioner relies on the Eighth Circuit's ruling in *Cornell v. Nix*, 119 F.3d 1329 (1997).  In *Cornell*, the petitioner was appealing the district court's denial of his Rule 60(b) motion to reopen his petition for habeas corpus filed under 28 U.S.C. § 2254.  *Id*. at 1330.  His § 2254 petition alleged, *inter alia*, that new evidence exonerated him of the crime and proved actual innocence.  The petitioner brought a Rule 60(b) motion, arguing *Schlup v. Delo*, 513 U.S. 298 (1995), "worked a change in the law

3

the facts "fall short of what is required to prove the 'use' element of section 924(c), which requires evidence sufficient to show an active employment of the firearm by the defendant." (Mem. in Supp. at 6 (internal quotation marks and citation omitted).)  Generally speaking, "a § 2241 petition attacks the execution of a sentence rather than its validity, whereas a § 2255 motion attacks the legality of detention."  *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006) (internal quotation marks omitted); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989).  Because Wilson seems to be attacking the validity of his conviction and sentence, this is the type of claim that should be brought pursuant to § 2255.  *Rice*, 451 F. Supp. 2d at 758.

As noted in *Rice*,

> A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."  28 U.S.C. § 2255.  However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is inadequate or ineffective to test the legality

---

that would have affected the outcome of his case, and that this change constituted 'extraordinary circumstances' warranting relief from our earlier judgment."  *Cornell*, 119 F.3d at 1331.  While the Eighth Circuit recognized that *Schlup* established the court applied the wrong standard to the petitioner's case in requiring him to establish by clear and convincing evidence that no reasonable juror would have convicted him, the Eight Circuit stated that its previous holding "nevertheless establishes that [the petitioner] cannot meet the *Herrera* standard of proof."  *Id*. at 1334; *see Herrera v. Collins*, 506 U.S. 390 (1993).  The court affirmed the district court's denial of relief pursuant to Rule 60(b), stating, "We believe that the *Herrera* burden . . . requiring the petitioner to show new facts that unquestionably establish the petitioner's innocence is at least as exacting as the clear and convincing evidence standard, and possibly more so."  *Id*. at 1335 (internal quotation marks and citations omitted).

   Petitioner seems to rely on *Cornell* for the proposition that he can obtain review pursuant to § 2241 because his case "falls within a narrow class of cases implicating a fundamental miscarriage of justice."  (Objections at 1.)  As noted, however, *Cornell* examines a district court's denial of a motion pursuant to Rule 60(b), and the case does not examine § 2241 at all.

4

of detention.

*Id.* (internal quotation marks and citations omitted).

The Fourth Circuit has provided guidance on when § 2255 is inadequate or ineffective to test the legality of detention. Pursuant to the *Jones* test, § 2255 is inadequate or ineffective to test the legality of a conviction when the following three prongs are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Levine v. Pettiford*, No. CIVA 9:06-1265SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson*, 129 F.3d 1259, at *1 (4th Cir. 1997) (unpublished table decision)*; McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner's claim does not fall within that narrow class. Petitioner, in advancing his § 2241 claim, argues that pursuant to *Bailey v. United States*, 516 U.S. 137 (1995), the conduct he was found guilty of in Count Three is not criminal. *Bailey* construed the "use" element of 18 U.S.C. § 924(c) to "require[] evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate

5

offense." *Bailey*, 516 U.S. at 143. Petitioner argues that pursuant to *Bailey*, he is not guilty of violating 18 U.S.C. § 924(c) because his firearm was located "in the glove box" and was not related to his drug trafficking activity. (Petition at 3, 6.)

Petitioner cannot use *Bailey* to establish that § 2255 is inadequate or ineffective to test the legality of his detention because *Bailey* was decided on December 6, 1995, and Petitioner was not indicted until 2001. *See Jones*, 226 F.3d at 333-34. Because Petitioner has not established that § 2255 is inadequate or ineffective, Petitioner is not entitled to proceed under § 2241. *See De La Puente v. United States*, No. Civ.A. 706CV00019, 2006 WL 148747, at *2 (W.D. Va. Jan. 19, 2006) ("Because petitioner does not demonstrate under *Jones* that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241."); *Eubanks v. Compton*, No. Civ.A. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004). Moreover, because Petitioner has not secured an order from the Court of Appeals for the Fourth Circuit authorizing this court to consider a successive § 2255 motion, the court dismisses Wilson's petition for writ of habeas corpus. *See* 28 U.S.C. § 2255; *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) ("[B]efore a prisoner can pursue a qualifying second or successive § 2255 motion, he must obtain authorization from the court of appeals." (internal quotation marks and citation omitted)).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Wilson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 19, 2007**